**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4268

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LUIS GOMEZ,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenest. Alexander Williams, Jr., District Judge. (8:95-cr-00267-AW-14)

Submitted: November 30, 2006     Decided: January 26, 2007

Before WILKINSON, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert W. Biddle, NATHANS & BIDDLE, LLP, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Barbara S. Skalla, Assistant United States Attorney, Greenest, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Gomez appeals his sentence imposed after resentencing,[1] on his conviction for conspiracy to distribute cocaine and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841, 846 (2000). Following the resentencing hearing, the district court granted a "slight deviation" from the guideline range of 360 months to life in prison, and imposed a variance sentence of 340 months' imprisonment. Gomez asserts that the sentence imposed by the district court is unreasonable, due to the disparity in sentences between Gomez and his co-defendants. Gomez argues that, pursuant to 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), a variance sentence of 240 months should have been imposed to bring his sentence closer to the terms of imprisonment given to those co-defendants who pleaded guilty. Additionally, Gomez challenges this court's prior rulings that sentences imposed within the guideline range are presumptively reasonable. We affirm Gomez's sentence.

After United States v. Booker, 543 U.S. 220, 261 (2005), this court reviews a district court's sentence "for

---

[1]Following his trial, Gomez appealed his conviction and sentence, which were affirmed by this court. See United States v. Borda, 178 F.3d 1286 (4th Cir. 1999) (unpublished). Gomez subsequently filed a motion to vacate, pursuant to 28 U.S.C. § 2255 (2000). The district court denied Gomez's request for a new trial, but granted his request for a new sentencing hearing, based on ineffective assistance of counsel at sentencing. A resentencing hearing was held on February 27, 2006.

unreasonableness." Id.; United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Further, a sentencing court is no longer bound by the range prescribed by the advisory Sentencing Guidelines. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); Hughes, 401 F.3d at 546. In determining the sentence, however, courts are still required to calculate and consider the guideline range, as well as the factors set forth in § 3553(a). Green, 436 F.3d at 455-56. A sentence imposed within the properly calculated guideline range is presumptively reasonable. Id.; United States v. Johnson, 445 F.3d 339, 341-44 (4th Cir. 2006).

District courts are obligated to explain their sentences, especially when a sentence is outside of the guideline range. United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006 ) (No. 06-5439). The explanation should indicate that the court considered the § 3553(a) factors with respect to the defendant, and that the court has considered the arguments raised by both parties. Id. "[I]n determining whether there has been an adequate explanation, [this court does] not evaluate a court's sentencing statements in a vacuum;" rather, "[t]he context surrounding a district court's explanation may imbue it with enough content for [this court] to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." Id. at 382.

Gomez does not contest the district court's calculation of the sentencing guideline range in his case. However, Gomez contends that the district court erred in its evaluation of the § 3553(a) factors by giving insufficient consideration to the lower sentences given to his co-defendants, as well as his personal history. Gomez compares his 340-month sentence to the sentences imposed on those co-defendants who pleaded guilty, such as Rito Cubides, who received a sentence of 188 months, Jesus Sarmiento, who received a sentence of 168 months, and Alfonso Gomez, who received a 170-month sentence.

Pursuant to § 3553(a)(6), the district court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." See United States v. Clark, 434 F.3d 684, 686 (4th Cir. 2006). However, Gomez's co-defendants were not found guilty of comparable conduct and did not have similar records. Cubides, Sarmiento, and Alfonso Gomez all pleaded guilty, while Luis Gomez decided to go to trial. Cubides and Alfonso Gomez were also held responsible for less cocaine than Luis Gomez, and none of these co-defendants engaged in conduct that merited a three-level enhancement for a leadership role. Additionally, Cubides and Sarmiento were assigned to criminal history category I, while Gomez had a criminal history category of II.

The district court clearly explained its consideration of the § 3553(a) factors and carefully considered the arguments made by both parties at sentencing. The district court was also cognizant of the sentences received by the other co-defendants who went to trial, including Orlando Agudelo, who received 360 months' incarceration, and Jose Borda and James Martinez, who received life sentences. The district court determined that Gomez's role was "a little less pronounced, a little less significant" than the "heavier players" who received longer sentences, and therefore imposed a variance sentence of 340 months.

Gomez has not demonstrated that the district court was unreasonable for refusing to give a 240-month sentence in this case, which would amount to a one-third reduction from the lower end of the advisory guideline range. See United States v. Hampton, 441 F.3d 284, 288 (4th Cir. 2006) ("The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be."). Gomez has not identified any § 3553(a) factor that would have compelled such a significantly lower sentence, as the other co-defendants who proceeded to trial received even higher sentences, while the reduced sentences granted to those co-defendants who pleaded guilty were the result of various elements that were not present in Gomez's case. See United States v. Brainard, 745 F.2d 320, 324 (4th Cir. 1984) (disparity in sentences between defendant who stands trial and co-defendant who

pleads guilty does not require reversal). We find that the district court properly considered the § 3553(a) factors and the arguments of the parties, and gave an adequate explanation of its reasons for granting a sentence below the guideline range.[2] See Montes-Pineda, 445 F.3d at 380. Accordingly, we find that the sentence imposed was reasonable.

Gomez also challenges this court's prior rulings that sentences imposed within the Guidelines are presumptively reasonable, noting the alternative positions held by other circuits. See e.g. United States v. Crosby, 397 F.3d 103, 115 (2d Cir. 2005). However, a panel of this court may not overrule or reconsider a decision of another panel. United States v. Prince-Oyibo, 320 F.3d 494, 498 (4th Cir. 2003).

Accordingly, we affirm Gomez's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2]Gomez also raises his "family ties and personal history" as another factor mandating a lower sentence, pursuant to § 3553(a)(1), and argues that the district court did not consider this factor. While Gomez did submit a number of items to the district court on this issue, he referred to this factor only briefly at the sentencing hearing. Regardless, the record is clear that the district court reviewed the § 3553(a) factors, and Gomez's assertion that the court did not "consider" his personal history is speculative. See United States v. Eura, 440 F.3d 625, 634 (4th Cir. 2006) (district court not required to discuss each § 3553(a) factor on the record).